IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY ___SP___ D.C.

05 AUG 12 PM 3:29

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, JACKSON

DENNIS CROCKETT,

    Plaintiff,

VS.                                                            No. 05-1152-T/An

DANA SPAULDING, ET AL.,

    Defendants.

---

ORDER ASSESSING $250 FILING FEE
ORDER OF DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL
ORDER DENYING MOTION FOR
A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff Dennis Crockett, Tennessee Department of Correction ("TDOC") prisoner

number 351268, an inmate at the Whiteville Correctional Facility ("WCF") in Whiteville,

Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on June 3, 2005, along

with a motion seeking appointment of counsel and a motion seeking a temporary restraining

order and a preliminary injunction.   The Clerk shall record the defendants as Dana

Spaulding, a nurse at the WCF; Dr. Frederick Cole; Patricia Clark, a nurse and the WCF

Health Care Administrator; WCF Assistant Warden Sarah Rice; WCF Warden Stephen

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on ___8/15/05___

Dotson (who is identified in the complaint as "Steve Dotson"); Shift Commander Roger

Sturgis; and the Corrections Corporation of America ("CCA").

I.     Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b),

all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C.

§ 1914(a).[1]     The statute merely provides the prisoner the opportunity to make a

"downpayment" of a partial filing fee and pay the remainder in installments.

In this case, the plaintiff has properly completed and submitted an *in forma pauperis*

affidavit containing a certification by the trust fund officer.  Although the plaintiff has not

submitted a trust fund account statement, the information supplied by the plaintiff is

sufficient to permit assessment of the filing fee.  Pursuant to 28 U.S.C. § 1915(b)(1), it is

ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order.

It is ORDERED that, within thirty (30) days after the entry of this order, plaintiff file a trust

fund account statement for the six months prior to the commencement of this action.  It is

further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial

initial filing fee equal to twenty percent (20%) of the greater of the average balance in or

deposits to the plaintiff's trust fund account for the six months immediately preceding the

completion of the affidavit.  When the account contains any funds, the trust fund officer

shall collect them and pay them directly to the Clerk of Court.  If the funds in plaintiff's

---

[1]  Effective March 7, 2005, the civil filing fee was increased from $150 to $250.

2

account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account, and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order. If the

plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the WCF to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees. However, the Clerk shall not issue process or serve any other papers in this case.

## II.   Analysis of Plaintiff's Claims

The complaint alleges that, in late 2002 or early 2003, plaintiff began to suffer from severe abdominal pain and vomiting. He submitted a request to the medical department and was seen by defendant Spaulding, who told him that he was suffering from gas and gave him a Coke.

Soon thereafter, the plaintiff alleges he suffered a debilitating attack. He was placed on a liquid diet for three days. On the day he was to resume his regular diet, the plaintiff was found unconscious on the floor of his cell. He was taken to the prison clinic, and defendant Spaulding again concluded that he suffered from gas. Spaulding gave the plaintiff a Coke and took no further action.

Over the next several months, the plaintiff's condition allegedly worsened. He was in constant pain, vomited frequently, suffered from dizziness, fatigue, lethargy,

4

sleeplessness, and weakness, and lost a significant amount of weight. He submitted numerous sick call slips, which resulted in visits to defendant Spaulding, who is allegedly unqualified to make medical diagnoses.

In mid-2003, plaintiff was finally referred to a nurse practitioner who, in turn, referred the plaintiff to defendant Cole. The complaint alleges that Cole performed a cursory examination and directed that the plaintiff be given Tums.

Plaintiff's condition worsened, and he continued to submit sick call requests. In or about October, 2003, defendant Cole ordered an ultrasound. Plaintiff was transported to an outside facility on November 26, 2003 for the test. He was diagnosed with a severely diseased gall bladder, and it was determined that his gall bladder had to be removed. As of August, 2004, defendants Cole, Clark, Rice, and Dotson had failed or refused to set a surgical appointment for the plaintiff. By that time, the plaintiff's condition had allegedly deteriorated to the point that he could not retain ingested food and was forced to take glucose tablets several times a day to maintain consciousness. Moreover, plaintiff was allegedly subjected to derogatory comments from other inmates and staff members, who inferred that he suffered from HIV/AIDS. The plaintiff contends that, throughout this time, he continued to submit sick call requests.

On September 10, 2004, plaintiff allegedly began receiving a nutritional supplement, called Resource, twice a day to minimize additional weight loss. On September 14, 2004, the medical department advised the plaintiff that it had run out of Resource and was awaiting

a new supply. The plaintiff was not provided an alternative supplement, so his condition deteriorated further. He was provided with Resource again on October 1, 2004, after he filed a grievance, but the medical department ran out of Resource again on October 9, 2004. As before, the plaintiff was not given an alternative supplement. On October 13, 2004, after the grievance hearing, the medical department resumed the plaintiff's supply of Resource.

Plaintiff was taken to an outside hospital on November 1, 2004 to have his gallbladder removed. By that time, the plaintiff weighed only one hundred ten pounds. Plaintiff was returned to the WCF with an order that he receive antibiotics for the next five days, but that order was disregarded.

Upon his return to the WCF on November 5, 2004, plaintiff was assigned an upper level cell. Plaintiff allegedly informed defendant Sturgis that he was not supposed to be climbing stairs and performing any activity that involved physical exertion or stress. The complaint alleges that Sturgis was allegedly aware of these restrictions when he made the initial cell assignment, and he refused to change the assignment after the plaintiff complained. Sturgis also allegedly forced the plaintiff to lift several heavy objects within various storage units in an unsuccessful effort to locate the plaintiff's property. Once the property was located, plaintiff was forced to carry it up the stairs to his assigned cell. Plaintiff was housed in the upper level cell for six days and, as a result, he was repeatedly forced to climb the stairs.

On March 8, 2005, the medical department allegedly ran out of Resource again

6

because defendant Clark failed to reorder it.  Plaintiff was without his supplement until March 15, 2005.

On April 20, 2005, plaintiff went to the clinic to obtain renewals of his monthly orders for Resource and a special diet.  The plaintiff was allegedly informed that the orders were being renewed and he could pick up his special diet on April 21, 2005.  At that time, the plaintiff weighed one hundred fifteen pounds. The plaintiff's special diet was not available on April 21, 2005.  On April 26, 2005, plaintiff was informed that defendant Cole had discontinued his Resource, his special diet, and his prescription for Prilosec.  The plaintiff contends that he needs the special diet and Prilosec because he has a preexisting gastrointestinal disorder and he has still not fully recovered from the gall bladder illness. The plaintiff allegedly submitted sick call requests concerning this issue, but they were disregarded.  As a result, plaintiff is once again suffering from dizziness, fatigue, lethargy, and weakness.

Plaintiff alleges that CCA fails to provide an adequate medical staff at the WCF. Defendant Cole is the sole medical provider with responsibility for several thousand inmates.  Moreover, defendant Cole allegedly routinely misses his scheduled days at the WCF.

Plaintiff further alleges that, in October, 2004, he went to the library to research a possible legal action concerning the denial of medical treatment.  The plaintiff alleges that the library does not contain case law and is not staffed with qualified inmate legal aides.

The plaintiff seeks declaratory and injunctive relief and monetary compensation.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a):

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Knuckles El, 215 F.3d at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), *cert. denied*, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a *sua sponte* dismissal); Curry

v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, 407 F.3d 801, 805-09 (6th Cir. 2005).

In this case, the plaintiff has not satisfied his burden of demonstrating that he exhausted each of his claims with respect to each defendant. The complaint alleges that the plaintiff filed a grievance on October 1, 2004 concerning the provision of Resource and that he filed a grievance on January 7, 2005 concerning the allegedly inadequate law library. The complaint is silent concerning any other attempt by this plaintiff to exhaust any of the numerous claims alleged in this complaint. Moreover, the plaintiff has not demonstrated that he exhausted his claims against each of the named defendants, as required by Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her), Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003), and Curry, 249 F.3d at 504.

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." Baxter, 305 F.3d at 489.[2] Moreover, pursuant to the recent decision in Jones Bey, a district court must dismiss any complaint that contains unexhausted claims rather than attempting to sever the exhausted claims. As a result, a case must be dismissed unless a prisoner has exhausted each of his claims with respect to every defendant named in each claim. Foushee v. Wiggins, No. 3:05CV7108, 2005 WL 1364613, at *3 (N.D. Ohio June 8, 2005). Accordingly, the Court DISMISSES the complaint in its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a). As the case is being dismissed, the motions for appointment of counsel and for a temporary restraining order and preliminary injunction are DENIED as moot.

III.   Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis*. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint

---

[2]   As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Baxter, 305 F.3d at 489.

should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[3] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(a)-(b).

IT IS SO ORDERED this ___12th___ day of August, 2005.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee.

11

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# **Notice of Distribution**

This notice confirms a copy of the document docketed as number 7 in case 1:05-CV-01152 was distributed by fax, mail, or direct printing on August 15, 2005 to the parties listed.

---

Dennis Crockett
Whiteville Correctional Facility
351268
PO Box 679
Whiteville, TN 38075

Honorable James Todd
US DISTRICT COURT