IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DENNIS CROCKETT,

    Plaintiff,

VS.          No. 05-1152-T/An

DANA SPAULDING, ET AL.,

    Defendants.

---

### ORDER DENYING MOTION TO ALTER OR AMEND

---

Plaintiff Dennis Crockett, an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on June 3, 2005. On August 12, 2005, the Court issued an order assessing the filing fee and dismissing the complaint without prejudice under 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. The order also denied, as moot, plaintiff's motion for appointment of counsel and his motion for a temporary restraining order and preliminary injunction. Judgment was entered on the docket on August 18, 2005. On August 25, 2005, the plaintiff filed a motion to alter or amend the judgment, pursuant to Fed. R. Civ. P. 59(e).

Rule 59(e) is not intended to allow a party "to relitigate matters already decided by the Court." Windsor v. A Federal Executive Agency, 614 F. Supp. 1255, 1264 (M.D. Tenn. 1983), *aff'd*, 767 F.2d 923 (6th Cir. 1985). Rather, the purpose of the rule "is to allow a district court to correct its own mistakes." White v. New Hampshire Dept. of Employment

Sec., 455 U.S. 445, 450 (1982). A motion to alter or amend the judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in the controlling law, or to prevent manifest injustice. Gencorp, Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted); see also Wardle v. Lexington-Fayette Urban County Gov't, 45 Fed. Appx. 505, 510 (6th Cir. Sept. 5, 2002); Keenan v. Bagley, 262 F. Supp. 2d 826, 830 (N.D. Ohio 2003). The granting of the motion is within the sound discretion of the district court. McMahon v. Libbey-Owens-Ford Co., 870 F.2d 1073, 1078 (6th Cir. 1989).

Plaintiff first contends that, contrary to the statement in the August 12 order, he did in fact file an inmate trust fund account statement with his *in forma pauperis* affidavit. He requests that the judgment be amended to show that he did so. The Court acknowledges that it erroneously stated that plaintiff did not file a trust fund account statement. However, that error was immaterial, as the filing fee was assessed regardless. There is no need to formally amend the judgment to correct such a minor error.

Plaintiff's primary argument is that the Court should not have denied his motion for a temporary restraining order and preliminary injunction as moot due to the dismissal of the action under § 1997e(a) for failure to exhaust. He contends that the motion should have been considered on its merits.

In Morgan v. Tennessee Dept. of Corr., 92 Fed. Appx. 302 (6th Cir. Mar. 17, 2004), the district court denied a prisoner's motion for a preliminary injunction and dismissed the

2

complaint for failure to exhaust administrative remedies, pursuant to § 1997e(a). On appeal, the Sixth Circuit affirmed, holding that a prisoner who fails to exhaust his administrative remedies cannot show a likelihood of success on the merits, which is necessary in order for a preliminary injunction to issue. Id. at 303 (citing Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.")).

In this case, the Court denied the plaintiff's motion for injunctive relief as moot instead of expressly stating that, due to his failure to exhaust his administrative remedies, he could not show a likelihood of success on the merits. Nevertheless, the result is the same and does not warrant alteration or amendment of the judgment. Therefore, plaintiff's motion to alter or amend the judgment is DENIED.

The Court once again CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this case would not be taken in good faith.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

25 August 2005
DATE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 11 in case 1:05-CV-01152 was distributed by fax, mail, or direct printing on August 29, 2005 to the parties listed.

---

Dennis Crockett
Whiteville Correctional Facility
351268
PO Box 679
Whiteville, TN 38075

Honorable James Todd
US DISTRICT COURT